UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖
**KATHIE L. HALL,**

                                    **Plaintiff,**

                     **-V-**                                                       **5:00-CV-1948**

**SALT CITY RECOVERY SYSTEMS
and JOHN DOE, being the fictitious
name of the owner of SALT CITY
RECOVERY SYSTEMS whose actual
name is unknown,**

                                  **Defendants.**
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES

Clifford Fordstadt, Esq.
5788 Widewaters Parkway
Dewitt, New York 13214
Attorney for Plaintiff

**Hon Norman A. Mordue, Chief Judge:**

### MEMORANDUM-DECISION AND ORDER

By Memorandum-Decision and Order dated March 18, 2003 (Dkt. No. 18), this Court granted plaintiff's motion for summary judgment on the issue of liability, finding that defendant violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692g(a), in a single communication with plaintiff, a consumer, in connection with the collection of a debt. This determination was based on defendant's failure to advise plaintiff of her right to notify defendant Salt City Recovery Systems in writing that the debt was disputed. *See* 15 U.S.C. § 1692(g)(a)(4).

Plaintiff now moves to amend the caption of the complaint to substitute John Moro in place of the John Doe defendant and for statutory damages. Plaintiff's counsel further states that plaintiff has withdrawn her claim for actual damages, and that she seeks an award of $1,000, the

maximum amount of statutory damages under section 1692k.

With respect to the application for leave to amend to substitute John Moro as defendant in the place of John Doe, the Court is well aware that leave to amend a complaint shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend will be denied where amendment would be futile, for example, where the new claim would be time-barred. *See, e.g., Long v. United States*, 616 F.Supp. 1280, 1284 (E.D.N.Y. 1985). The complaint herein, filed December 19, 2000, alleges that the offending communication was made on or about December 20, 1999. The limitations period for a claim under the Fair Debt Collections Practices Act is one year.[1]

It is true that under some circumstances, a claim against a new party to be brought in by amendment will relate back to the time of commencement of the action. Relation back may be appropriate where, within the time for service of the initial complaint, the new party "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits," and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(3)(A),(B). [2]

---

[1] 15 U.S.C. § 1692k(d) provides:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

(Emphasis added.)

[2] Fed. R. Civ. P. 15 provides in part:

In support of the request to amend the caption to substitute John Moro as the individual defendant, plaintiff's counsel states the following:

> Defendants, according to their attorney, had ceased doing business, and additionally also according to their attorney, the whereabouts of the Defendant/owner, whose name was revealed by counsel to be John Moro, was unknown, and he could not be located.

This statement clearly does not meet the requirements of Fed. R. Civ. P. 15(c)(3). Plaintiff has failed to demonstrate a ground upon which a claim against Moro would relate back to the commencement of the action.[3] Thus, any claim against Moro would be time-barred, and amendment to add him as a party defendant in the place of John Doe would be futile. Plaintiff's motion insofar as it seeks leave to amend to add John Moro as a party defendant in the place of John Doe is denied.

In exercising its discretion to determine the amount of damages under 15 U.S.C. § 1692k,

---

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
> \*\*\*
>> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>>
>> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

[3] The affidavit of service of the summons and complaint upon Salt City Recovery Systems (Dkt. No. 3) states that the person served was Cliff St. Denis, General Manager. Peter Colman, Esq., moved to withdraw as counsel for Salt City Recovery Systems on July 20, 2005 (Dkt. No. 21); his affirmation refers to John Moro as his client and as owner of Salt City Recovery Systems, but does not provide a sufficient factual basis to satisfy Fed. R. Civ. P. 15(c)(3).

the Court is directed to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k(b)(1); *see Savino v. Computer Credit, Inc*., 164 F.3d 81, 86 (2d Cir. 1998).  Here, there is no proof that defendant's noncompliance was frequent or persistent; indeed, the violation consists of a single notice.  The notice was not threatening or abusive in tone.  There is no evidence that defendant's noncompliance was intentional.  The violation here does not warrant the maximum sum of $1,000, which could appropriately be awarded in more egregious cases.  Accordingly, the Court awards plaintiff $500 statutory damages against Salt City Recovery Systems.

As noted, plaintiff has withdrawn her claim for actual damages.  There is no proof submitted in support of an award of attorney's fees or costs.  Plaintiff has adduced no evidence of entitlement to any other relief.  Accordingly, the case is closed.

It is therefore

ORDERED that plaintiff's motion is denied insofar as it seeks leave to amend to add John Moro as a party defendant in the place of John Doe; and it is further

ORDERED that plaintiff's motion is granted insofar as it seeks statutory damages under 15 U.S.C. § 1692k, and plaintiff is awarded $500 against defendant Salt City Recovery Systems; and it is further

ORDERED that the Clerk enter judgment accordingly.

IT IS SO ORDERED.

August 25, 2006
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge